**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-01683 VAP (OPx)                    Date:  September 23, 2013

Title:      DWAYNE ORANGE, et al. -v- WACHOVIA BANK, N.A., et al.
===============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER: (1) DENYING MOTION FOR ATTORNEYS' FEES(DOC. NO. 79) AND (2) VACATING SEPTEMBER 16, 2013 HEARING (IN CHAMBERS)

     Before the Court is Defendants Wachovia Bank, N.A., Wachovia Mortgage Corporation, and Wachovia Re, Inc.'s (the "Wachovia Defendants") Motion for Attorneys' Fees ("Motion" (Doc. No. 79)).  The Motion is appropriate for resolution without a hearing.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons set forth below, the Court DENIES the Motion.

**I. BACKGROUND**

     On October 12, Dwayne Orange, John M. Cummesky, Jennifer L. Cummesky, Christopher D'Silva, Kelly Hulse, Richard Logan, Afton Logan, Traci Martin, and Curtis Rupert ("Plaintiffs") brought an action against the Wachovia Defendants,

**EDCV 12-01683 VAP (OPx)**
**DWAYNE ORANGE, et al. v. WACHOVIA BANK, N.A., et al.**
**MINUTE ORDER of September 23, 2013**

along with other Defendants not at issue here, alleging that Defendants had engaged in a scheme involving kickbacks to mortgage lenders through captive reinsurance.  (Compl. (Doc. No. 1).)  Defendants brought motions to dismiss (Doc. Nos. 42, 44, 45, 46).

On May 6, 2013, the Court granted, in part, the motions to dismiss, with respect to Plaintiffs' Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) ("RESPA") claims, finding that those claims were barred by the statue of limitations and that equitable tolling, equitable estoppel, and the delayed discovery rule did not apply in this instance.  (See Order Granting in Part Motions to Dismiss (Doc. No. 72).)  On May 10, 2013, Plaintiffs voluntarily dismissed, without prejudice, their sole remaining claim alleging unjust enrichment.  (Doc. No. 74.)

On July 5, 2013, the Wachovia Defendants filed the instant Motion against Plaintiffs Kelly Hulse, Richard Logan, Afton Logan, and Curtis Rupert (the "Non-California Plaintiffs").  (Doc. No. 79.)  The Wachovia Defendants seek to recover attorney's fees in the range of $124,488.56 to $129,488.56, depending on the costs of bringing the instant Motion.  (Mot. at 6.)  The Non-California Plaintiffs filed an Opposition to the Motion on July 22, 2013.  ((Opp'n) Doc. No. 82.)  On July 29, 2013, the Wachovia Defendants filed their Reply.  ((Reply) Doc. No. 84.)

## II. LEGAL STANDARD

The traditional rule in American courts is that litigants must pay their own attorney's fees.  Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 602 (2001).  There is an exception to this rule, however, when attorney's fees are provided for by contract or statute.  Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007).

"In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule."  MRO Commc'ns v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1282 (9th Cir. 1999).  Thus, California law governs a defendant's right to recover attorney's fees pursuant to an underlying contract.  See Berkla v. Corel Corp., 302 F.3d 909, 919 n.11 (9th Cir. 2002).

**EDCV 12-01683 VAP (OPx)**
**DWAYNE ORANGE, et al. v. WACHOVIA BANK, N.A., et al.**
**MINUTE ORDER of September 23, 2013**

"Under California law, a prevailing party is ordinarily not entitled to attorneys' fees unless the parties have previously agreed to shift fees or the fees are otherwise provided by statute." In re Bennett, 298 F.3d 1059, 1070 (9th Cir. 2002)(citing Lerner v. Ward, 13 Cal. App. 4th 155, 485 (1993)).  In California, California Civil Code § 1717(a)[1] provides for the awarding of attorney's fees in the case of a contract.[2]

## III. DISCUSSION

The Wachovia Defendants argue they are entitled to attorney's fees on two grounds: (1) pursuant to a fee-shifting provision in the Non-California Plaintiffs' deeds of trust (Mot. at 3-4) and, in the alternative, (2) by statute under RESPA's fee-shifting provision, 12 U.S.C. § 2607(d)(5) (Mot. at 9-10).  The Court will discuss each in turn.

**A.   The Wachovia Defendants Are Not Entitled to Attorney's Fees Pursuant to the Fee-Shifting Provision in the Deeds of Trust**

The Wachovia Defendants first argue that the fee-shifting provision in Non-California Plaintiffs' deeds of trust entitles them to attorney's fees.  (Mot. at 3-4.)  That provision provides:

Protection of Lender's Interest In the Property and Rights Under this

---

[1] Section 1717(a) states:
In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not shall be entitled to reasonable attorney's fees in addition to other costs.
Cal. Civ. Code § 1717(a).

[2] Though both parties have made passing references to California Civil Code § 1717 as a basis to award attorney's fees, neither party has argued that § 1717 specifically applies in this case or that it would be the sole statutory basis to award attorney's fees in this circumstance.  (See Reply at 4 n.3; Opp'n at 11 n.14)

EDCV 12-01683 VAP (OPx)
DWAYNE ORANGE, et al. v. WACHOVIA BANK, N.A., et al.
MINUTE ORDER of September 23, 2013

> Security Instrument. If . . . (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lienwhich may attain priority over this Security Instrument or to enforce laws or regulations) . . . , then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: . . . (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. . . . It is agreed that Lender incurs no liability for not taking any or all Actions authorized under this Section 9.

(Mot. at 3 (citing (Compl., Ex. 6 § 9 (Doc. No. 1, at 140), Ex. 7 § 9 (Doc. No. 1, at 156), Ex. 10 § 9 (Doc. No. 1, at 203-04)).)

　　　The Wachovia Defendants allege that their interests would have been "significantly affect[ed]" by the Non-California Plaintiffs' suit, and therefore, the fee-shifting provision contained in their deeds of trust entitles them to attorney's fees. (Mot. at 3.) The Non-California Plaintiffs counter that, because their claims challenged the Wachovia Defendants' captive mortgage reinsurance policies under RESPA's anti-kickback provisions, "the property or contract was not directly at issue in the litigation" and therefore, the fee-shifting provision in the deeds of trust is inapplicable here. (Opp'n at 8(emphasis omitted).) The Court finds that the Wachovia Defendants are not entitled to attorney's fees pursuant to the Non-California Plaintiffs' deeds of trust.

　　　The gravamen of the Non-California Plaintiffs' claims was not a challenge to the Wachovia Defendants' secured interest in their properties, but rather, a challenge to certain agreements the Non-California Plaintiffs entered into with the Wachovia Defendants, among others, concerning mortgage insurance on those properties. The relief requested in the Complaint was not for a decree that the Wachovia Defendants had no interest in the properties secured by the deeds of

EDCV 12-01683 VAP (OPx)
DWAYNE ORANGE, et al. v. WACHOVIA BANK, N.A., et al.
MINUTE ORDER of September 23, 2013

trust.  Rather, the relief requested was for, inter alia, statutory damages pursuant to RESPA and "restitution of all improperly collected reinsurance premiums and/or disgorgement of Defendants' ill-gotten gains . . . ."  (Compl. at 63.)

To be sure, the Wachovia Defendants would have been entitled to attorney's fees pursuant to the fee-shifting provision of the deeds of trust had the Non-California Plaintiffs sought to impair the Wachovia Defendants' foreclosure rights.  See, e.g., Shaddox v. Wells Fargo Bank, N.A., 2012 WL 3886090, at *2 (E.D. Cal. Sept. 6, 2012)("Because the objective of Plaintiff's lawsuit was to stop Defendant from enforcing its rights to foreclose upon the Property, Plaintiff's action falls within the scope of the fee clause in the Note and the DOT entitling Defendant to attorneys' fees"); Salinas v. Wachovia Mortgage, 2011 WL 5513456, at *2 (E.D. Cal. Nov. 10, 2011) (Fee-shifting was available to defendant "[b]ecause Plaintiff's lawsuit attacked the mechanics of Defendant's ownership of the Note, the non-judicial foreclosure, and the mechanism by which Defendant became the beneficiary under the DOT"); Sato v. Wachovia Mortgage, FSB, 2013 WL 61103, at *2 (N.D. Cal. Jan. 3, 2013)(collecting cases).  A suit attempting to impair the right to foreclose on a property is obviously a "legal proceeding that might significantly affect" an interest in property.

Although the Wachovia Defendants have asserted in the Motion and the Reply that their interests would have been significantly affected by this action, they fail to explain how.  The Wachovia Defendants argue that the Non-California Plaintiffs had notice that captive mortgage reinsurance agreements existed in their deeds of trust.  (See Mot. at 3-4; Reply at 4-5.)  The Wachovia Defendants cite to no authority, and the Court has found none, holding that a proposed class action suit that does not contest the validity of the defendant's foreclosure rights can subject the plaintiff to a fee-shifting provision in a deed of trust.  Other courts, as noted above, have enforced similar fee-shifting provisions specifically because the plaintiff's objective was to impair the defendant's right to foreclose upon the property.   That objective was absent here.

EDCV 12-01683 VAP (OPx)
DWAYNE ORANGE, et al. v. WACHOVIA BANK, N.A., et al.
MINUTE ORDER of September 23, 2013

     Moreover, the Wachovia Defendants maintain that, under California law, claims pursuant to RESPA are "on the contract," and thus they are entitled to attorney's fees under the deed of trust, citing Bonner v. Redwood Mortgage Corp., 2010 WL 2528962, at *4 (N.D. Cal. June 18, 2010).  (Reply at 4 n.3.)  In Bonner, the district court found that the defendants were entitled to attorney's fees for an action brought pursuant to RESPA and other statutes "because they involve the contract, and the broad attorney's fees provisions in the parties' contract cover defendants' defense against these claims."  Bonner, 2010 WL 2528962, at *4.  The Wachovia Defendants cite no authority for the proposition that defending against claims made pursuant to RESPA entitles the defender to an award of attorney's fees pursuant to a deed of trust in every case, however.  Indeed, the Wachovia Defendants have failed to note that the motion for attorney's fees in Bonner was pursuant to an action challenging the defendant's right to foreclose on the property.  See Bonner v. Redwood Mortgage Corp., 2010 WL 1267069, at *2 (N.D. Cal. Mar. 29, 2010)(detailing the default and foreclosure sale).

     Thus, the Wachovia Defendants were not obligated to defend this action to preserve its interest in the Non-California Plaintiffs' properties; it defended these actions to avoid a payment of statutory damages pursuant to RESPA and disgorgement of profits obtained through allegations of unjust enrichment.  These claims were unrelated to any attempt on the Non-California Plaintiffs' part to impair the Wachovia Defendants' right to foreclose upon the properties.  No court has held that attorney's fees are available in cases where the object of the plaintiff's action did not involve an impairment of defendant's foreclosure rights, and this Court declines to so hold.

**B.    The Wachovia Defendants Are Not Entitled to Attorney's Fees Pursuant to RESPA's Fee-Shifting Provision**

     In the alternative, the Wachovia Defendants argue they are entitled to attorney's fees pursuant to RESPA's fee-shifting provision.  (Mot. at 9-10.)   RESPA's fee-shifting provision provides:

> In any private action brought pursuant to this subsection, the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees.

12 U.S.C. § 2607(d)(5).  The Ninth Circuit has held that this section is governed by

**EDCV 12-01683 VAP (OPx)**
**DWAYNE ORANGE, et al. v. WACHOVIA BANK, N.A., et al.**
**MINUTE ORDER of September 23, 2013**

the "plaintiff-friendly" standard as set forth in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), that is, defendants may only recover attorney's fees if the action was "frivolous, unreasonable or without foundation." See Lane v. Residential Funding Corp., 323 F.3d 739, 746 (9th Cir. 2003).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action is also frivolous, or may become frivolous when "the result appears obvious or the arguments are wholly without merit." Galen v. Cnty. of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007)(quoting Christiansburg, 434 U.S. at 412). A defendant may recover its attorney's fees if the plaintiff violates this standard at any point during the litigation, not just at its inception. See Christiansburg, 434 U.S. at 422.

The Wachovia Defendants argue this action was frivolous because Plaintiffs' counsel had previously brought a similar action, pursuant to RESPA, arguing that the statute of limitations did not bar the action because equitable tolling and equitable estoppel applied. (See Mot. at 1, 9 (citing Kay v. Wells Fargo & Co. N.A., 2007 WL 2141292 (N.D. Cal. July 24, 2007).) The Wachovia Defendants reason that because the plaintiff's claims in Kay were dismissed, counsel for the Non-California Plaintiffs was on notice that filing further claims predicated upon theories of equitable tolling of the statute of limitations would be frivolous. (Mot. at 9.)

This argument fails for two reasons. First, although the action in Kay was dismissed, it was not dismissed on the grounds that equitable tolling or equitable estoppel/fraudulent concealment could not apply or that those arguments were inapplicable to claims brought under RESPA. See Kay, 2007 WL 2141292, at *3 ("Accordingly, contrary to defendants, equitable tolling is available for RESPA claims."). Rather, it was dismissed because the plaintiffs did not allege sufficient facts to show that they would be entitled to tolling. Id., at *6. Despite this, the Wachovia Defendants cite to other cases in which RESPA claims similar to the claims brought by the Non-California Plaintiffs were dismissed because they were not entitled to tolling under the statute of limitations. (See Mot. at 9-10 (citing McCarn v. HSBC USA, Inc., 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012); Gerhart v. Beazer Homes Holdings Corp., 2009 WL 799256 (E.D. Cal. Mar. 23, 2009).) Like

**EDCV 12-01683 VAP (OPx)**
**DWAYNE ORANGE, et al. v. WACHOVIA BANK, N.A., et al.**
**MINUTE ORDER of September 23, 2013**

<u>Kay</u>, however, these cases do not stand for the proposition that equitable tolling, equitable estoppel, and the delayed discovery rule are completely inapplicable to the Non-California Plaintiffs' claims.  Instead, those courts, along with this one (<u>see</u> Order Granting in Part Motions to Dismiss (Doc. No. 72).), held that the plaintiffs failed to allege adequately that they were entitled to relief from the statute of limitations on those theories.

     Accordingly, the Court cannot find on this record that the Non-California Plaintiffs' arguments in this case made the outcome obvious or that their arguments were "wholly without merit."

     Second, the Wachovia Defendants conceded in the Motion that this case "presented novel and difficult issues." (Mot. at 6.)  After the Non-California Plaintiffs seized upon this language as evidence that their claim was not frivolous (<u>see</u> Opp'n at 14), the Wachovia Defendants then argued that "the degree of complexity does not determine whether an action is 'frivolous, unreasonable or without foundation.'"[3] (Reply at 10.)  Additionally, the Wachovia Defendants cite to cases for the proposition that, when a claim is obviously time-barred, it is frivolous.  (<u>See</u> Reply at 12 (citing <u>Pack v. Hoge Fenton Jones & Appel, Inc.</u>, 2013 WL 140027 (N.D. Cal.

---

    [3] The Court notes that on numerous occasions in the Reply, the Wachovia Defendants followed any quotation of the "frivolous, unreasonable or without foundation" language from <u>Lane</u> with an accompanying citation.  While the Court appreciates the use of citations, it notes that it is slightly misleading to use a citation for a quotation when the use of the citation may also indicate a citation to a proposition of law.  For example, the Wachovia Defendants state "A case that raises novel and complex issues, however can still be 'frivolous, unreasonable or without foundation.' *Lane*, 323 F.3d at 747."  <u>Lane</u> does not stand for that proposition of law, it only contains the quote, which was quoted numerous times before in the Reply.

Jan. 10, 2013); Johnson v. Mayberg, 2003 WL 926617 (N.D. Cal. Mar. 6, 2003); Alamar Biosciences, Inc. v. Difco Laboratories, Inc., 1996 WL 784495 (E.D. Cal. Feb. 27, 1996)).)

But again, as argued by the Non-California Plaintiffs, and conceded by the Wachovia Defendants (see Reply at 11), there is no per se rule that claims similar to the ones brought in this action cannot be entitled to equitable tolling. (Opp'n at 15.) Moreover, the Non-California Plaintiffs were proactive about arguing they were entitled to equitable tolling in the Complaint; they did not argue they were entitled to equitable tolling merely as a response to the motions to dismiss. (See Compl. at 50-59.) Thus, while it is clear that the Non-California Plaintiffs were aware their claims may have been time-barred, they attempted to allege factual bases aimed directly at tolling and ultimately overcoming the statute of limitations. The fact that the Court ultimately found these factual allegations insufficient to toll the statute of limitation does not necessarily lead to the conclusion that the action was frivolous. See Neitzke, 490 U.S. at 329 (1989)("a finding of a failure to state a claim does not invariably mean that the claim is without arguable merit").

Accordingly, the Wachovia Defendants have not met their burden of showing that the Complaint was "frivolous, unreasonable or without foundation," and therefore, they are not entitled to attorney's fees pursuant to RESPA's fee-shifting provision.

### IV. CONCLUSION

For the reasons stated above, the Court DENIES the Motion for Attorneys' Fees.

**IT IS SO ORDERED.**